**LAW OFFICES OF RONALD A. MARRON, APLC**
RONALD A. MARRON (SBN 175650)
*ron@consumersadvocates.com*
SKYE RESENDES (SBN 278511)
*skye@consumersadvocates.com*
ALEXIS WOOD (SBN 270200)
*alexis@consumersadvocates.com*
651 Arroyo Drive
San Diego, California 92103
Telephone:(619) 696-9006
Facsimile: (619) 564-6665

*Attorneys for Plaintiff and the Proposed Class*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRADRICK LANDRY, on behalf of himself, and all others similarly situated,<br><br>    Plaintiff,<br><br>  v.<br><br>WINDHAM PROFESSIONALS, INC.<br><br><br>    Defendant. | Case No.:   **'13 CV 1889 GPC WVG**<br><br>CLASS ACTION<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. §§ 227 *et seq.***<br><br>DEMAND FOR JURY TRIAL |

*Landry v. Windham Professionals Inc.*
CLASS ACTION COMPLAINT

## INTRODUCTION

1.      Bradrick Landry ("Plaintiff") brings this Class Action Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of Windham Professionals, Inc. ("Defendant"), in negligently, and/or willfully contacting Plaintiff through telephone calls on Plaintiff's cellular telephone, in violation of the Telephone Consumer Protection Act, 47 U.S.C. §§ 227 *et seq.*, ("TCPA"), thereby invading Plaintiff's privacy. Plaintiff alleges as follows upon personal knowledge as to his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

## JURISDICTION AND VENUE

2.      Jurisdiction is proper under 28 U.S.C. § 1332(d)(2) because Plaintiff seeks up to $1,500 in damages for each call in violation of the TCPA, which, when aggregated among a proposed class number in the tens of thousands, exceeds the $5,000,000 threshold for federal court jurisdiction.  Further, Plaintiff alleges a national class, which will result in at least one class member belonging to different states than that of the Defendant, providing jurisdiction under 28 U.S.C. § 1332(d)(2)(A).  Therefore, both elements of diversity jurisdiction under the Class Action Fairness Act of 2005 ("CAFA") are present, and this Court has jurisdiction.

3.      This Court has federal question subject matter jurisdiction under 28 U.S.C. § 1331, as the action arises under the TCPA, a federal statute.

4.      Venue is proper in the United States District Court for the Southern District of California pursuant to 28 U.S.C. §§ 1391(b) and 1441(a) because Defendant, at all times herein mentioned, was doing business in the County of San Diego, State of California and licensed in to do business in California as entity number C2264951.

/ / /

1

*Landry v. Windham Professionals, Inc.*
CLASS ACTION COMPLAINT

**PARTIES**

5.      Plaintiff Bradrick Landry is, and at all times mentioned herein was, a resident of the State of Florida.  He is, and at all times mentioned herein was a "person" as defined by 47 U.S.C. § 153 (32).

6.      Defendant Windham Professionals, Inc. (hereinafter "Defendant" or "Windham Professionals") is a Massachusetts Corporation that maintains its principal place of business at 380 Main Street Salem NH 03079.

7.      Plaintiff alleges that at all times relevant herein Windham Professionals conducted business in the state of California and in the County of San Diego, and within this judicial district by engaging in the business of a collection agency and using the telephone to collect consumer debts.

**THE TELEPHONE CONSUMER PROTECTION ACT OF 1991**

**(TCPA), 47 U.S.C. §§ 227 *et seq.***

8.      In 1991, Congress enacted the Telephone Consumer Protection Act, 47 U.S.C. § 227 (TCPA),[1] in response to a growing number of consumer complaints regarding certain telemarketing practices.

9.      The TCPA regulates, among other things, the use of automated telephone equipment, or "autodialers."  Specifically, the plain language of section 227(b)(1)(A)(iii) prohibits the use of autodialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party.[2]

10.      According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations

---

[1] Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, 105 Stat. 2394 (1991), codified at 47 U.S.C. § 227 (TCPA).  The TCPA amended Title II of the Communications Act of 1934, 47 U.S.C. §§ 201 *et seq.*

[2] 47 U.S.C. § 227(b)(1)(A)(iii).

*Landry v. Windham Professionals, Inc.*
CLASS ACTION COMPLAINT

1   implementing the TCPA, such calls are prohibited because, as Congress found,
2   automated or prerecorded telephone calls are a greater nuisance and invasion of
3   privacy than live solicitation calls, and such calls can be costly and inconvenient.
4   The FCC also recognized that wireless customers are charged for incoming calls
5   whether they pay in advance or after the minutes are used.[3]

6                                    **FACTUAL ALLEGATIONS**

7        11.      Commencing approximately 2011 through the present, Plaintiff Landry
8   received a number of unsolicited phone calls to his wireless phone, for which
9   Plaintiff provided no consent to call, attempting to collect a debt.  Plaintiff initially
10  received the unsolicited phone calls every two weeks, however the number of calls
11  have increased to approximately one call per day.

12       12.      Such calls were often made by prerecorded voice message from the
13  telephone number (619) 264-6702, a number owned by Defendant.

14       13.      During the various times when Plaintiff received a live representative
15  of Defendant on the line, Plaintiff specifically instructed Defendant to no longer
16  contact him on his cellular telephone.  However, Defendant ignored that request and
17  continued to call him on his cell phone.

18       14.      These unsolicited phone calls placed to Plaintiff's wireless telephone
19  were placed via an "automatic telephone dialing system," ("ATDS") as defined by
20  47 U.S.C. § 227 (a)(1) and by using "an artificial or prerecorded voice" system as
21  prohibited by 47 U.S.C. § 227 (b)(1)(A), which had the capacity to produce or store
22  numbers randomly or sequentially, and to dial such numbers, to place telephone calls
23  to Plaintiff's cellular telephone.

24

25

26

27  [3] *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003).

28

*Landry v. Windham Professionals, Inc.*
CLASS ACTION COMPLAINT

15.     The telephone number that Defendant, or its agents, called was assigned to a cellular telephone service for which Plaintiff incurred a charge for incoming calls pursuant to 47 U.S.C. § 227 (b)(1).

16.     These telephone calls constitute calls that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(i).

17.     Plaintiff did not provide Defendant or its agents prior express consent to receive unsolicited phone calls pursuant to 47 U.S.C. § 227 (b)(1)(A).

18.     These telephone calls by Defendant or its agents therefore violated 47 U.S.C. § 227(b)(1).

19.     Under the TCPA and pursuant to the FCC's January 2008 Declaratory Ruling, the burden is on Defendant to demonstrate that Plaintiff provided express consent within the meaning of the statute.

## CLASS ACTION ALLEGATIONS

20.     Plaintiff brings this action on behalf of himself and on behalf of and all others similarly situated ("the Class").

21.     Plaintiff represents, and is a member of the Class, consisting of all persons within the United States who received any unsolicited telephone calls from Defendant or its agents on their paging service, cellular phone service, mobile radio service, radio common carrier service, or other service for which they were charged for the call, through the use of any automatic telephone dialing system or artificial or pre-recorded voice system as set forth in 47 U.S.C. § 227(b)(1)(A)(3) or artificial or prerecorded voice, which telephone calls by Defendant or its agents were not made for emergency purposes or with the recipients' prior express consent, within four years prior to the filing of this Complaint.

22.     Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class, but believes the Class

4

1   members number in the hundreds of thousands, if not more.  Thus, this matter should

2   be certified as a Class action to assist in the expeditious litigation of this matter.

3        23.     Plaintiff and members of the Class were harmed by the acts of

4   Defendant in at least the following ways: Defendant, either directly or through its

5   agents, illegally contacted Plaintiff and the Class members via their cellular

6   telephones by using unsolicited telephone calls, thereby causing Plaintiff and the

7   Class members to incur certain cellular telephone charges or reduce cellular

8   telephone time for which Plaintiff and the Class members previously paid, and

9   invading the privacy of said Plaintiff and the Class members.  Plaintiff and the Class

10  members were damaged thereby.

11       24.     This suit seeks only damages and injunctive relief for recovery of

12  economic injury on behalf of the Class and it expressly is not intended to request

13  any recovery for personal injury and claims related thereto.  Plaintiff reserves the

14  right to expand the Class definition to seek recovery on behalf of additional persons

15  as warranted as facts are learned in further investigation and discovery.

16       25.     The joinder of the Class members is impractical and the disposition of

17  their claims in the Class action will provide substantial benefits both to the parties

18  and to the Court.  The Class can be identified through Defendant's records or

19  Defendant's agents' records.

20       26.     There is a well-defined community of interest in the questions of law

21  and fact involved affecting the parties to be represented.  The questions of law and

22  fact to the Class predominate over questions which may affect individual Class

23  members, including the following:

24            a. Whether, within the four years prior to the filing of this Complaint,

25              Defendant or its agents placed telephone calls without the recipients'

26              prior express consent (other than a telephone call  made for

27              emergency purposes or made with the prior express consent of the

28

*Landry v. Windham Professionals, Inc.*
CLASS ACTION COMPLAINT

called party) to a Class member using any automatic telephone dialing system or an artificial or pre-recorded voice system, to any telephone number assigned to a cellular telephone service;

b. Whether Plaintiff and the Class members were damaged thereby, and the extent of damages for such violation; and

c. Whether Defendant and its agents should be enjoined from engaging in such conduct in the future.

27.     As a person that received at least one unsolicited telephone call to his cell phone without Plaintiff's prior express contest, Plaintiff is asserting claims that are typical of the Class.  Plaintiff will fairly and adequately represent and protect the interests of the Class in that Plaintiff has no interest antagonistic to any member of the Class.

28.     Plaintiff and the members of the Class have all suffered irreparable harm as a result of the Defendant's unlawful and wrongful conduct.  Absent a class action, the Class will continue to face the potential for irreparable harm.  In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct.  Because of the size of the individual Class member's claims, few, if any, Class members could afford to individually seek legal redress for the wrongs complained of herein.

29.     Plaintiff has retained counsel experienced in handling class action claims and claims involving violations of the Telephone Consumer Protection Act.

30.     A class action is a superior method for the fair and efficient adjudication of this controversy.  Class-wide damages are essential to induce Defendant to comply with federal law.  The interest of Class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action for violation of privacy are minimal.

6

*Landry v. Windham Professionals, Inc.*
CLASS ACTION COMPLAINT

1  Management of these claims is likely to present significantly fewer difficulties than

2  those presented in many class claims.

3      31.    Defendant has acted on grounds generally applicable to the Class,

4  thereby making appropriate final injunctive relief and corresponding declaratory

5  relief with respect to the Class as a whole.

**FIRST CAUSE OF ACTION**

**NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT**

**47 U.S.C. §§ 227 *ET SEQ.***

9      32.    Plaintiff incorporates by reference all of the above paragraphs of this

10 Complaint as though fully stated herein.

11     33.    Each such telephone call was made using equipment that, upon

12 information and belief, had the capacity to store or produce telephone numbers to be

13 called, using a random or sequential number generator, and to dial such numbers.

14 By using such equipment, Defendant was able to effectively make thousands of

15 phone calls simultaneously to lists of thousands of wireless phone numbers of

16 consumers without human intervention.  These telephone calls were made without

17 the prior express consent of the Plaintiff and other members of the Class to receive

18 such telephone calls.

19     34.    The foregoing acts and omissions of Defendant and its agents constitute

20 numerous and multiple negligent violations of the TCPA, including but not limited

21 to each and every one of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

22     35.    As a result of Defendant's, and Defendant's agents', negligent

23 violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and the Class are entitled to an award

24 of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C.

25 § 227(b)(3)(B).

26     36.    Plaintiff and the Class are also entitled to and seek injunctive relief

27 prohibiting such conduct in the future.

7

*Landry v. Windham Professionals, Inc.*
CLASS ACTION COMPLAINT

**SECOND CAUSE OF ACTION**

**KNOWING AND/OR WILLFUL VIOLATIONS OF THE**

**TELEPHONE CONSUMER PROTECTION ACT**

**47 U.S.C. §§ 227 *ET SEQ.***

37.     Plaintiff incorporates by reference the above paragraphs 1 through 31 inclusive, of this Complaint as though fully stated herein.

38.     Each such telephone call was made using equipment that, upon information and belief, had the capacity to store or produce telephone numbers to be called, using a random or sequential number generator, and to dial such numbers. By using such equipment, Defendant was able to effectively make thousands of phone calls simultaneously to lists of thousands of wireless phone numbers of consumers without human intervention.  These telephone calls were made without the prior express consent of the Plaintiff and other members of the Class to receive such telephone calls.

39.     The foregoing acts and omissions of Defendant constitutes numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. §§ 227 *et seq*.

40.     As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and the Class are entitled to treble damages, as provided by statute, up to $1,500.00, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

41.     Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

/ / /

/ / /

/ / /

*Landry v. Windham Professionals, Inc.*
CLASS ACTION COMPLAINT

1

**PRAYER FOR RELIEF**

2  **Wherefore**, Plaintiff respectfully requests the Court to grant Plaintiff and the Class

3  members the following relief against Defendant:

4  **FIRST CAUSE OF ACTION FOR NEGLIGENT VIOLATION OF**

5  **THE TCPA, 47 U.S.C. §§ 227 *ET SEQ.***

6      42.      As a result of Defendant's, and Defendant's agents', negligent

7  violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself and each Class

8  member $500.00 in statutory damages, for each and every violation, pursuant to 47

9  U.S.C. § 227(b)(3)(B).

10      43.      Pursuant to 47 U.S.C. § 227(b)(3)(A), Plaintiff seeks injunctive relief

11  prohibiting such conduct in the future.

12      44.      Any other relief the Court may deem just and proper.

13  **SECOND CAUSE OF ACTION FOR KNOWING AND/OR WILLFUL**

14  **VIOLATION OF THE TCPA, 47 U.S.C. §§ 227 *ET SEQ.***

15      45.      As a result of Defendant's, and Defendant's agents', willful and/or

16  knowing violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself and each

17  Class member treble damages, as provided by statute, up to $1,500.00 for each and

18  every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

19      46.      Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such

20  conduct in the future.

21      47.      Any other relief the Court may deem just and proper.

22  **JURY DEMAND**

23      Plaintiff hereby demands a trial by jury on all issues so triable.

24

25  Dated:      August 13, 2013      */s/ Ronald A. Marron*

26  By: Ronald A. Marron
    **LAW OFFICES OF RONALD A.**

27  **MARRON, APLC**

28

9

*Landry v. Windham Professionals, Inc.*
CLASS ACTION COMPLAINT

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

RONALD A. MARRON
SKYE RESENDES
ALEXIS WOOD
651 Arroyo Drive
San Diego, California 92103
Telephone: (619) 696-9006
Facsimile: (619) 564-6665

10